E. B. SHEPHERD, ADMINISTRATOR OF W. A. JOHNSON, DECEASED, v. MASON DOLLAR.

(Filed 7 January, 1949.)

**Appeal and Error § 6c (5)—**

> Where none of the evidence is sent up in the record or case on appeal, an exception to the charge cannot be considered.

PLAINTIFF's appeal from *Bobbitt, J.,* May Term, 1948, ASHE Superior Court.

*Bowie & Bowie and Ira T. Johnston for plaintiff, appellant.*
*Higgins & McMichael for defendant, appellee.*

SEAWELL, J. This action was brought to recover for the death of the plaintiff's intestate, alleged to have been caused through the negligence of the defendant in parking his truck upon the highway in violation of highway laws and regulations, on the main traveled portion of the highway, without protection of flares or lanterns and without leaving sufficient clear and unobstructed highway for safe passing.

We infer from the record that the case was submitted to the jury on evidence bearing upon three issues: Negligence of the defendant, contributory negligence of the intestate, and damages. None of the evidence is sent up in the record or case on appeal; in fact, it was entirely omitted by stipulation. Whatever it was, the jury answered the first issue "No," which terminated the case adversely to plaintiff, and he appealed.

Plaintiff's only exception is to an instruction in the judge's charge respecting a phase of the evidence, none of which, as stated, is before us; and we are asked to pass upon the correctness of the instruction on a mere stipulation as to the evidence which gives neither detail nor circumstance, but merely says, "that there was sufficient competent evidence to justify each and every phase of his Honor's charge to the jury."

If this does not eliminate the objection, at least the question posed is rendered abstract, moot, wanting in individuation, and must await some auspicious occasion when it may be more securely caught in the web of circumstance.

The law requires the judge to "state in a plain and correct manner the evidence given in the case and declare and explain the law arising thereon." G.S. 1-180. The function of the appellate Court on review is to determine whether this has been adequately done. We cannot perform that office in the absence of the evidence toward which the instruction was directed.

No other exception appearing, the judgment must be
Affirmed.